UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
JUN - 2 2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 10-30025(01)-RAL |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION DENYING |
| -vs- | \* | MOTION TO SEVER COUNTS |
| WILLIAM ELMER YELLOW, JR., | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant, William Elmer Yellow, Jr., (Yellow), has moved to sever certain counts in the Indictment and submitted a memorandum in support thereof, Docket Nos. 31, 32. In his motion, Yellow claims that Counts I and II were improperly joined with Counts III and IV, in violation of Federal Rule of Criminal Procedure 8(a), and that the failure to sever the Counts would prejudice his right to a fair trial, see Fed. R. Crim. P. 14(a). Plaintiff, United States of America (Government), has filed a response to the motion, resisting the same. Docket No. 42. After considering the motion in light of the records on file and the totality of the circumstances present, the Court concludes that the motion should be denied.

I.

Yellow is charged by Indictment with having assaulted Wilfred Antonio, Jr., by using a metal rod and shod feet, on March 11, 2010, and with having stabbed and killed Antonio, with a knife, that same day. The Indictment also charges Yellow with two more offenses, both of which are alleged to have occurred on or about February 20, 2010, to wit: assault with the intent to commit murder upon Lester Metcalf, by stabbing him with a knife; and

assault of Farrell Chasing Hawk with a knife. Yellow has pled not guilty to all four charges and a jury trial is scheduled for August 3, 2010.

II.

The Federal Rules of Criminal Procedure provide that the indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Rules also allow for severance of claims "[i]f a joinder of offenses . . . in [the] indictment . . . appears to prejudice a defendant . . . ." Fed. R. Crim. P. 14(a).

In the Eighth Circuit, the "indictment-only" standard is used when determining whether offenses have been properly joined. United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998), cert. denied, 526 U.S. 1050 (1999); United States v. Bledsoe, 674 F.2d 647, 655 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). Under this standard, the validity of the joinder is assessed based on the allegations contained in the indictment itself. Id.

When a defendant moves for severance, a court must preliminarily discern whether joinder is proper under Rule 8. United States v. Ruiz, 412 F.3d 871, 886 (8th Cir.), cert. denied, 546 U.S. 994 (2005). While a court has discretion to sever even properly joined offenses, "the [R]ules are to be broadly construed in favor of joinder to promote the efficient administration of justice." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008); United States v. Johnson, 462 F.3d 815, 821 (8th Cir. 2006), cert. denied, 549 U.S. 1298 (2007); see also United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002). Rule 14, which is available as a remedy

2

in the event prejudice exists, should not be used to supersede or as a substitute for the initial analysis required under Rule 8(a). At least one of Rule 8(a)'s preconditions must be satisfied for joinder to be proper, and these conditions, while broadly phrased, are not all encompassing. United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996); see also United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005), cert. denied, 547 U.S. 1061 (2006).

III.

Yellow maintains that the charged offenses have been improperly joined and that he should be tried separately on the second degree murder and assault with a dangerous weapon offenses (Counts I and II) involving Antonio. He argues that because these two offenses involve a different alleged victim from those charged in Counts III and IV, he is entitled to severance.

When assessing whether an indictment satisfies Rule 8(a), it is appropriate to consider such factors as the offenses charged and the elements of the same, the temporal proximity and the physical location of the acts, the likelihood and extent of an evidentiary overlap and the nature and identity of the alleged victims involved. Such a comprehensive or holistic approach comports with Eighth Circuit precedent, see Johnson, 462 F.3d at 821-22; Little Dog, 398 F.3d at 1037; United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001), and the approach taken by other circuits, see United States v. Jawara, 474 F.3d 565, 578-79 (9th Cir. 2007); United States v. Edgar, 82 F.3d 499, 503 (1st Cir.), cert. denied, 519 U.S. 870 (1996).

Applying this approach to the instant case, it is readily apparent that Counts I and II are of the "same or similar character" as Counts III and IV and/or "are connected with or constitute parts of a common scheme or plan." The Counts all involve violent assaultive

3

conduct against adult males, with the use of a dangerous weapon, over a 19-day time period, in the same location. See Taken Alive, 513 F.3d at 903. And, another important consideration exists, namely, that the evidence of the offenses charged in Counts I and II could be, or is, admissible at a trial on the remaining two Counts. Id. Taking into account the broad interpretation of Rule 8(a) in favor of consolidating offenses, the Court finds and concludes that the charged offenses in this case were properly joined under the Rule.

IV.

"If joinder is proper under Rule 8, the defendant seeking severance has a heavy burden of demonstrating that a joint trial will impermissibly infringe [upon] his right to a fair trial." United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996), cert. denied, 520 U.S. 1110 (1997). There is a strong presumption against severing properly joined counts. Ruiz, 412 F.3d at 886; see also United States v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984). In order for severance to be warranted, the necessary prejudice must be "severe or compelling." United States v. Kirk, 528 F.3d 1102, 1108 (8th Cir. 2008); United States v. Pherigo, 327 F.3d 690, 693 (8th Cir.), cert. denied, 539 U.S. 969 (2003). Severe prejudice occurs when the moving defendant is deprived of "an appreciable chance for an acquittal," a chance that the defendant "would not have had in a severed trial." United States v. Boyd, 180 F.3d 967, 982 (8th Cir. 1999).

Yellow claims that evidence of the March 11, 2010 incident taints the February 20, 2010 one so as to increase the risk of undue prejudice. He speculates that the jury will improperly cumulate the evidence of the two alleged incidents and improperly convict him but will not do so if the incidents are considered separately. In essence, Yellow maintains

that the jury will not be able to compartmentalize the evidence as it relates to each charge. The Court disagrees.

At the outset, the jury will be instructed, and thus made aware, of what elements the Government must prove in relation to each of the charged offenses. And, because this is not a complex case by any means, the jury should be able to compartmentalize the evidence with regard to each alleged offense.

The fact that Yellow will not be able to testify about Counts I and II, without also testifying about Counts III and IV, does not necessarily result in prejudice. Rather, this is standard course for defendants charged with more than one crime in a single indictment.

Beyond this, the Eighth Circuit has determined that "[w]here evidence that a defendant has committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." Taken Alive, 513 F.3d at 903. In a case where the indictment charges a defendant with two sets of assaults on separate individuals at different points in time, "[u]nder [Federal Rule of Evidence] 404(b), evidence of one assault would be admissible in the separate trial of the other assault if admitted to prove something other than character." Id. Indeed, admitting, in separate trials, "the other assault to show absence of mistake or accident or to show intent [would be appropriate] and the separate juries would likely know about both assaults." Id. Moreover, just because all of the charged offenses may not have occurred on the same day does not necessarily mean that certain acts alleged to have been committed at an earlier point in time will be used by the jury to determine whether the defendant is guilty of a crime that he supposedly committed at a

5

later point in time or vice versa. This is a risk inherent in any case that involves more than one offense alleged to have occurred at different times.

Finally, any prejudice that Yellow may suffer due to the joinder of offenses may be negated through careful and thoroughly tailored jury instructions. Indeed, with proper limiting instructions, the jury will be able to apply the evidence separately and to differentiate each charge. See Wadena, 152 F.3d at 849-50; United States v. Lewis, 547 F.2d 1030, 1033-34 (8th Cir. 1976), cert. denied, 429 U.S. 1111 (1977).

Yellow lastly claims that he will be prejudiced by the joinder if he wishes to testify at trial on one incident but not the other. Such a claim is grounded on conjecture and is not ripe for adjudication.

A defendant has a constitutional right both to testify and not testify, Rock v. Arkansas, 483 U.S. 44, 49-53 (1987), but may not selectively invoke his right to remain silent, Jenkins v. Anderson, 447 U.S. 231, 235-38 (1980). Thus, in a single trial, the defendant must, for practical purposes, either remain silent on both sets of charges or testify on the same. Id.

Before a court will order severance, a defendant must make a convincing showing both that he has important testimony to give concerning one set of charges and a strong need to refrain from testifying on the other. In Little Dog, the defendant's claim that he wished to testify on the sexual abuse charges, but not on the obstruction of justice charge, was insufficient to require severance. 398 F.3d at 1037-38. There, the court held that the defendant "failed to provide the trial judge sufficient information that he had important testimony to give on the sexual abuse offense but a strong need to refrain from testifying on the obstruction count." Id. at 1038.

6

Here, the Court likewise reaches the same conclusion with respect to Yellow's claim and his alleged desire to testify about one of the assault incidents but not the other one. He has failed to make any persuasive or detailed showing regarding the testimony that he would give on the incident he desires to have severed and the reason(s) why he cannot testify on the other incident.

V.

The Counts against Yellow involve the same or similar acts, are closely connected by time and situs and are part of a pattern of violent and assaultive behavior. Yellow has not shown that he would be unfairly prejudiced if severance is denied. And, any prejudice that may exist by virtue of the charged offenses could be vitiated by well-drafted jury instructions or severance at a later time pursuant to Rule 14(a). This being the case, it is hereby

ORDERED that Defendant's Motion to Sever Counts for Trial, found at Docket No. 31, shall be and is denied, without prejudice.

Dated this 2nd day of June, 2010, at Pierre, South Dakota.

**BY THE COURT:**

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
　　　　　Deputy
(SEAL)